GEORGE H. BABBITT, APPELLEE, v. UNION PACIFIC RAILROAD COMPANY, APPELLANT.

FILED FEBRUARY 21, 1907.    No. 14,665.

Damages: REVIEW. An examination of the evidence discloses that the damages were assessed under the influence of passion or prejudice, and are excessive, but the court is unable to determine in what amount they are so, and a new trial, not conditional upon a remittitur, is therefore ordered.

APPEAL from the district court for Boone county: JAMES R. HANNA, JUDGE. *Reversed.*

*John A. Sheean, Edson Rich* and *J. A. Price,* for appellant.

*J. M. Armstrong, J. S. Armstrong* and *M. W. McGann,* contra.

AMES, C.

The plaintiff, a farmer residing in Boone county, Nebraska, was the owner of an animal called a jenny. It had no market value in that locality, and none or very little anywhere, except such as was dependent upon its breeding qualities. It was some nine or ten years old, and had not under favorable circumstances produced any offspring within the past three years. It wandered upon the railroad track of the defendant company and was killed by a passing train. In an action for damages the plaintiff recovered a verdict and judgment for $473.19. The defendant appealed.

Upon the question of value there were three witnesses only on the behalf of the plaintiff. One of these was the

plaintiff, who testified on both direct and cross-examination that he did not know the market value of the animal or that it had any either in the neighborhood or elsewhere, and had not known of any being bought or sold, except that at some previous time, not specified, he had sold a colt from the animal killed, but he did not say for how much. He was permitted to say, over the objection of the defendant, that he considered the jenny worth $1,000. Another witness testified that he did not know the value of the animal or that it had any market value, and that such value as it had was due to its breeding qualities; that if it would not produce offspring he would "give it to the kids." He did not know anything about the breeding record of this jenny, except that he had at one time, not specified, seen a colt at her side, and he thought that she was worth or "ought to be worth" $600. He had never bought or sold any such animal. A third witness had dealt a little in jacks and jennies and was the owner of several, but knew nothing about their market value except from hearsay. He would consider such an animal as that in question, if of good breeding qualities, worth $400 or $500, although not at the time in foal. If she was not a good breeder she was worthless. It was undisputed that the animal in question had not produced offspring for the three years last past. The defendant produced several witnesses who were owners, dealers in and breeders of such animals in the state of Missouri, where enterprises of that kind are carried on extensively, and who agreed with the plaintiff's witnesses that a jenny that would not breed was of little or no value, and, further, that such an animal that had not had young for three successive years was not likely to "revert" or subsequently to become fertile, and should be regarded as permanently barren.

One of the assignments of error is that the damages are excessive, and appear to have been given under the influence of passion or prejudice. In the light of the evidence, the complaint is evidently just; but the record is not such as to enable us to say that the animal was entirely

worthless, so as to entitle the plaintiff to nominal damages only, or whether it had some small value for other than breeding purposes, so as to enable the court to order a remitittur, and we therefore recommend that the judgment be reversed and a new trial granted.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.